UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Case No. 17-MC-50522

      Plaintiff,

v.                      Paul D. Borman
                      United States District Judge

FARID FATA
Re: NOHAD MALKOUN FATA,

      Defendant.
_____/

ORDER DENYING
(1) APRIL 11, 2017 MOTION BY NOHAD MALKOUN FATA TO RELEASE
FORFEITED ASSETS OF INNOCENT OWNER (ECF #2)
(2) FEBRUARY 14, 2019 MOTION TO RETAIN FORFEITURE COUNSEL
SECONDARY TO FIRST MOTION TO RELEASE FORFEITED "UNTAINTED"
ASSETS OF INNOCENT OWNER (ECF #4-1)

On April 11, 2017, Petitioner Nohad Malkoun Fata filed a Motion to Release

Forfeited Funds. On April 13, 2017, this Court ordered a response from the Government,

17-MC-50522 (ECF #2). The Government filed a timely response.

On February 14, 2019, Petitioner Nohad Malkoun Fata filed a Motion to Retain

Forfeiture Counsel.

On February 14, 2019, the Government filed a Combined Response and Brief to

that motion. (ECF #4)

With regard to Petitioner's 2017 Motion to Release Forfeited Asset, the Court

concludes that Nohad Malkoun Fata was provided notice regarding the assets in the criminal case against Dr. Fata, and was provided the opportunity to object by filing a petition by February 29, 2016, as required by 21 U.S.C. §853(n)(2). Nohad Fata did not file a timely petition; her April 11, 2017 motion was not signed under penalty of perjury; and it does not establish a legal right or interest sufficient to challenge the forfeiture. Given these facts, there is no need to hold an evidentiary hearing.

Correctly set forth in the Governments' April 24, 2017 Response (ECF #3), are these uncontested facts: that September 16, 2014, Defendant Farid Fata plead guilty in CR #13-20600, to charges in the Fourth Superseding Indictment: Health Care Fraud (Counts 3-6 and 9-17) in violation of 18 U.S.C. §1347; Conspiracy to Pay and Receive Kickbacks (Count 20) in violation of 18 U.S.C. §371; Money Laundering (Counts 22-23) in violation of 18 U.S.C. §1956(a)(1)(A)(I).

Thereafter, on July 9, 2015 (ECF #154), this Court signed a Stipulated Preliminary Order of Forfeiture, which forfeited Defendant's right title or interest, and any right title or interest of defendant's companies to the extent of his interest in such companies, and any right title or interest that defendant's heirs, successors or assigns have or may have, in numerous assets, including but not limited to $161,315.06 seized from COR Clearing Account #50018894. Dr. Fata admitted in the stipulated-to forfeiture order that these funds constituted proceeds of his criminal conduct.

The Court agrees with the following facts/conclusions as set forth in the

Governments' Response to Motion to Release Forfeited Assets of Investment Owner:

(17-mc-50522) (ECF #3, 4-24-27, Pp. 2 *et. Seq*:

The forfeiture order provides that there is a sufficient nexus between Dr. Fata's criminal violations and the forfeited property, and the property is subject to forfeiture to the United States as proceeds of Dr. Fata's criminal conduct under 18 U.S.C. §§ 982(a)(1) and 982(a)(7). The forfeiture order became final as to defendant at the time it was entered by the Court. (Dkt. #154).

With regard to potential third party rights, the forfeiture order instructed the United States, under 21 U.S.C. § 853(n), to publish notice of the forfeiture order on the government's internet website. The "United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property." (Dkt. #154, p. 9).

The forfeiture order also instructed that the published notice advise third parties regarding the time limits within which to file a petition with the Court as set forth in 21 U.S.C. § 853(n)(2). (Dkt. #154). And, it provides that any third party petition filed with the Court:

> must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified [property], the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified [property], any additional facts supporting the petitioner's claim, and the relief sought.

(Dkt. #154). If "no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then the forfeiture order will "become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2)." (*Id.*)

The government published notice of the forfeiture, as required by 21 U.S.C. § 853(n) and Rule 32.2(b) of the Federal Rules of Criminal Procedure, on an official government internet website for at least thirty (30) consecutive days beginning on July 28, 2015 and ending on August 26, 2015. Among other things, the publication notified third parties regarding (1) the specific property that the government intended to forfeit, (2) the right to file a petition with the Court for a hearing to adjudicate the validity of any alleged legal interest in the forfeited property, (3) the required contents of a petition and the need to sign under penalty of perjury, (4) the time deadline in which to file a petition, and (5) the address where the petition must be filed. (*See Declaration of Publication*, Dkt. # 174). The notice also advised third parties that if no petitions were filed by the deadline provided for filing petitions, the United States would have clear title to the property. (*Id.*)

The government also served direct notice to certain third parties including Dr. Fata's mother, Nohad Fata, who was served through her attorney, Jorin Rubin, Esq. Beginning in July 2015 and ending in March 2016, the government had numerous communications with Jorin Rubin regarding Nohad Fata's potential claim to $161,315.06 seized from COR Clearing Account # 50018894. These communications show that (a) Nohad Fata had actual notice of the forfeiture over one and one half years ago; (b) the government extended the time for Nohad Fata to file a petition to contest the forfeiture; and (c) Nohad Fata, while represented by able counsel, did not file a petition to contest the forfeiture and her time to do so expired long ago. These communications are summarized below:

A.    On July 30, 2015, at a status conference before this Court, Dr. Fata's attorney Mark Kriger advised the government that Jorin Rubin would be representing Nohad Fata in connection with forfeiture matters. The same day, the government sent an e-mail to Ms. Rubin attaching a Notice of Preliminary Order of Forfeiture and a Certificate of Service, and requested that Ms. Rubin notify the government immediately if she was

not representing Nohad Fata. (Exh. A).

B.    Later the same day, Ms. Rubin responded that she was "working on getting hired" and would "answer by Tuesday." (Exh. B).

C.    On August 4 and August 17, 2015, having not heard back from Ms. Rubin, the government sent emails asking if Ms. Rubin had been hired. (Exh. C).

D.    On September 25, 2015, government counsel and Ms. Rubin talked over the telephone about Ms. Rubin's possible representation of Nohad Fata in connection with the forfeiture in the criminal case the following specific forfeited assets. Ms. Rubin indicated that Nohad Fata asserted that her social security benefits were deposited into possibly two accounts.

E.    On September 29, 2015, government counsel sent an e-mail to Ms. Rubin, confirming the above telephone conversation, and seeking confirmation that Ms. Rubin was representing Nohad Fata. (Exh. D). Government counsel indicated that she could not indefinitely stay service on Nohad Fata.

F.    On October 8, 2015, government counsel sent another e-mail to Ms. Rubin asking if she had been retained to represent Nohad Fata. (Exh. E).

G.    On November 15, 2015, government counsel sent an e-mail to Ms. Rubin asking to have Nohad Fata fill out and execute a Social Security Administration form that would allow the government to obtain Ms. Fata's information to determine whether any of Ms. Fata's SSA benefits had been deposited into identified accounts. (Exh. F).

H.    On November 16, 2015, Ms. Rubin responded that she would work on getting the form signed by Ms. Fata. (Exh. G).

I.       While it certainly appeared at this point that Ms. Rubin was representing Nohad Fata, in an abundance of caution, government counsel requested formal confirmation of the representation in an email to Ms. Rubin on November 24, 2015. (Exh. G).

J.       On December 21, 2015, Ms. Rubin confirmed that she was representing Nohad Fata and would accept service on behalf of Nohad Fata regarding the forfeiture in the criminal case. Ms. Rubin then requested that Nohad Fata's time to file a petition be extended to February 22, 2015. (Exh. H). The government granted the requested extension. (Exh. I).

K.      On January 14, 2016, Ms. Rubin sent government counsel a form signed by Nohad Fata that allowed the government to obtain information related to Ms. Fata's social security payments. (Exh. J).

L.      On February 12, 2016, the government granted another extension of time for Nohad Fata to file a petition in connection with funds seized from two accounts, to and including February 29, 2016, so that Ms. Rubin and Ms. Fata could review information that showed that Ms. Fata's SSA payments had not been deposited into either of the accounts as had been claimed by Nohad Fata. (Exh. K).

M.     On February 22, 2016, government counsel sent an email to Ms. Rubin requesting an update regarding the manner in which Nohad Fata planned to proceed. The email reminded Ms. Rubin that Nohad Fata's deadline to file a petition was February 29, 2016. (Exh. L).

N.      On March 2, 2016, government counsel advised Ms. Rubin via email that the forfeiture order was now final as to Nohad Fata because she did not file a petition on February 29, 2016, which was the extended deadline for her to file a third party petition. (Exh. M).

> Given that Nohad Fata did not file a petition by February 29, 2016, the forfeiture order became the final order of forfeiture by its own terms as to Nohad Fata.

The Exhibits referenced in the above-quoted portion of the Government's Response, supporting the Government's statements, are attached to this Opinion and Order; Exh. #s A, B, C, D, E, F, G, H, I, J, K, L, M, N. The Court concludes that the attached exhibits confirm the correctness of the portions of the Government's response, quoted *supra*.

The Court concludes that Nohad Malkoun Fata had knowledge that the Forfeited Funds were forfeited to the United States for over 18 months before the First Motion was filed. Mrs. Fata was represented by able counsel during the period she could have filed a petition. She did not file a timely petition under penalty of perjury as required by 21 U.S.C. §853(n). Title 21 U.S.C. §853 is styled: "criminal forfeitures." Subsection "n" is styled "Third party interests." By failing to timely file a petition as required by 21 U.S.C. §853(n), the United States received clear title to the Forfeited Funds, 21 U.S.C. §853(n)(7) ". . . if no such [timely] petitions are filed following the expiration of the period . . . the United States shall have clear title to the property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee."

Accordingly, the Court DENIES Petitioner Nohad Malkoun Fata's April 11, 2017 Motion to Release Forfeited Assets of Innocent Owner (ECF #1).

This ruling impels the Court's second ruling, to DENY Petitioner Nohad Malkoun

Fata's May 2, 2017 "Motion to Retain 'Forfeiture Counsel' Secondary to First Motion to Release Forfeited' Untainted 'Assets of Innocent Owner'" (ECF # 4-1) (Hereinafter "Second Motion"), because that Second Motion is conditioned on the Court requiring an evidentiary hearing on the April 11, 2017 Motion (ECF #1 - hereinafter "First Motion"). Given the Court's ruling on the First Motion, the Court concludes that there is no basis for requiring an evidentiary hearing.

Accordingly, the Court DENIES Petitioner Nohad Malkoun Fata's Second Motion: Motion to Retain "Forfeiture Counsel" Secondary to First Motion to Release Forfeited "Untainted Assets" of "Innocent Owner." (ECF #4-1).

SO ORDERED.

DATED:     **MAR 2 1 2019**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

# INDEX OF EXHIBITS

**Exhibit A**          July 30, 2015 e-mail

**Exhibit B**          July 30, 2015 response e-mail

**Exhibit C**          August 4, and August 17, 2015 e-mails

**Exhibit D**          September 29, 2015 e-mail

**Exhibit E**          October 8, 2015 e-mail

**Exhibit F**          November 15, 2015 e-mail

**Exhibit G**          November 24, 2015 e-mail

**Exhibit H**          December 21, 2015 e-mail from

**Exhibit I**          December 21, 2015 e-mail

**Exhibit J**          January 14, 2016 e-mail

**Exhibit K**          February 12, 2016 e-mail

**Exhibit L**          February 22, 2016 e-mail

**Exhibit M**          March 2, 2016 e-mail

**Exhibit N**          January 17, 2017 email

# EXHIBIT A

1

**Zarfl, Monica  (USAMIE)**

| | |
|---|---|
| **From:** | Zarfl, Monica  (USAMIE) |
| **Sent:** | Thursday, July 30, 2015 2:27 PM |
| **To:** | jorinrubin@comcast.net |
| **Cc:** | Aouate, Linda (USAMIE) |
| **Subject:** | Farid Fata – Notice of Preliminary Order of Forfeiture |

Ms. Rubin,

Attached, in regard to U.S. v Farid Fata, please find a Notice of Preliminary Order of Forfeiture and Certificate of Service. Based on information provided by Defendant Fata's attorney, Mark Kriger, during a status conference this morning before Judge Borman, it is our understanding that you will be representing Nohad Malkoun Fata, and that you are authorized to accept service of these documents on her behalf.  If this is not correct, and you are not authorized to accept service on her behalf, please immediately notify our office.

Please feel free to contact myself or forfeiture AUSA Linda Aouate (313-226-9587) with any questions.

Thank you,

Monica Zarfl
Paralegal Specialist
Asset Forfeiture Unit
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9192
Fax: (313) 226-3800

 

## NOTICE OF PRELIMINARY ORDER OF FORFEITURE

This is an advertisement required by Title 21 U.S.C. § 853(n).

UNITED STATES v. FARID FATA
Criminal Case No. 13-20600

In the District Court of the United States for the Eastern District of Michigan, Southern Division, notice is hereby given that on July 9, 2015, a Preliminary Order of Forfeiture was entered by the United States District Court forfeiting to the United States of America and its assignees interest in each of the following property:

### CURRENCY:

a) $553,513.52 in funds from Cor Clearing, bank account #86728520, in the name of Nohad Fata-Malkoum TTEE, Fata 2012 Grantor Charitable Lead Annuity Trust;

b) $3,486,024.58 in funds from Cor Clearing, bank account #13724843, in the name of Fatogemar Enterprises LLC;

c) $221,547.34 in funds from Huntington National Bank, bank account #1382102984, in the name of United Diagnostics PLLC;

d) $31,918.87 in funds from Huntington National Bank, bank account #01382103019, in the name of Michigan Radiation Institute;

e) $46,254.01 in funds from Huntington National Bank, bank account #01382101202, in the name of Midwest Institute of Professionals;

f) $72,745.70 in funds from Huntington National Bank, bank account #01382047793, in the name of Swan For Life Foundation;

g) $243,044.02 in funds from Huntington National Bank, bank account #01382101192, in the name of Vital Pharmacare;

h) $159,031.55 in funds from JP Morgan Chase Bank, bank account #849373022, held in the name of Swan For Life Foundation;

i) $3,049,304.01 in funds from Huntington National Bank, bank account #01381944334, held in the name of Michigan Hematology-Oncology, P.C.;

j) $136,815.23 in funds from JP Morgan Chase Bank, bank account #695030288, held in the name of Michigan Hematology-Oncology, P.C.;

    k) $687,144.10 in funds from Bank of America Account #375011156856, held in the name of Michigan Hematology Oncology;

    l) $264,566.07 in funds from Huntington National Bank Account #1382043629, held in the name of Swan for Life Foundation;

    m) $30,388.93 in funds from CIG Corp. Account #21899934, held in the name of Swan for Life Foundation;

    n) $3,228.56 in funds from COR Clearing Account #20236269, held in the name of Fata Family Foundation;

    o) $161,315.06 in funds from COR Clearing Account #50018894, held in the name of Nohad Fata and Farid Fata;

**VEHICLE PROCEEDS:**

    p) All proceeds resulting from the interlocutory sale of the 2011 Acura RDX Turbo SUV, VIN: 5J8TB1H22BA001796, which constitute the "substitute res" for the Acura;

**REAL PROPERTY PROCEEDS:**

    q) All net proceeds resulting from the sale of the Real Property located at 5800 Bow Pointe Drive, Clarkston, Michigan, and at 6143 Sashabaw Road, Clarkston, Michigan (approximately $1,442,232.04,), which now constitute the "substitute res" for this real property, as more fully described in the Second Superseding Forfeiture Bill of Particulars (*Dkt. #86*);

**INSURANCE POLICIES:**

    r) John Hancock Life Insurance Company (U.S.A.) Account Number 46742037, and the cash value of this life insurance policy;

    s) Hartford Life Insurance Company Account Number VL8109128, and the cash value of this life insurance policy;[1]

**OTHER ASSETS:**

    t) Any and all interest that Defendant Farid Fata and Fatogemar LLC have in Generation One, as documented in CIG Corp. Account No. 13724843;

---

[1] Defendant agrees to the forfeiture of the Hartford life insurance policy with the understanding that it will not affect any claim or interest his wife may have in this policy.

u) Any and all interest that Defendant Farid Fata and Fatogemar LLC have in Madison Business Park, as documented in CIG Corp. Account No. 13724843;

v) Pershing, LLC, Account No. TR6002414 held in the name of Fatogemar Enterprises, LLC;

w) Account No. 1372-4843 held in the names of "Fatogemar Enterprises LLC" and "Farid Fata" with ATEL 12, LLC;

x) Columbia Property Trust, Inc., Account No. 1001319887 (Formerly Wells REIT II Account No. 521001319887), held in the name of Fatogemar Enterprises, LLC;

y) CIG Capital Partners LP, Account No. 1372-4843-PE, held in the name of CIG Capital Partners, LP;

z) CIG CAM LP, Account No. 1372-4843-CAM, held in the name of CIG CAM, LP;

aa) CIG Plenastrategy Fund LP, Account No. 1372-4843-Plena, held in the name of CIG Plenastrategy Fund, LP;

bb) ICON Leasing Fund Twelve, LLC Account No. 143347 held in the name of Fatogemar Enterprises, LLC;

cc) Inland American Real Estate Trust, Inc. Account No. 2812927008 held in the name of Fatogemar Enterprises, LLC; and

dd) All assets being administered in the action for the benefit of creditors, In RE Michigan Hematology-Oncology, PC, et al., Case No. 2013-137010, which is pending in State of Michigan In the Circuit Court for the County of Oakland (the "ABC case").

Any person who wishes to assert a legal interest in the above-listed property may, within 30 days of the final publication of this notice, or of the receipt of this notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of said interest. The petition shall be signed by the petitioner under the penalty of perjury and shall set forth: (1) the nature and extent of the petitioner's right, title or interest to the above-listed property; (2) the time and circumstances of the petitioners acquisition of the right, title and interest; and (3) any additional facts supporting the petitioner's claim, and the relief sought. The address of the Court is:

United States District Court
Clerk of the Court
Eastern District of Michigan
231 W. Lafayette
Detroit, MI 48226

A copy of the petition must be served on the Assistant United States Attorney at the following address:

> Assistant United States Attorney
> Attn: Linda Aouate
> 211 W. Fort Street, Ste. 2001
> Detroit, MI 48226

If no petitions are received within the time provided by this notice, the above-listed property will be disposed of by the United States in accordance with the applicable statutes.

Please check www.forfeiture.gov for a listing of all judicial forfeiture notices.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CASE NO. 13-20600

v.                                   HONORABLE: PAUL D. BORMAN

FARID FATA, M.D.,

        Defendant.

_____/

## CERTIFICATE OF SERVICE

    I hereby certify that service of Notice of Preliminary Order of Forfeiture and this Certificate of Service has been made on July 30, 2015, upon the following via e-mail:

    jorinrubin@comcast.net

s/Linda Aouate
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
linda.aouate@usdoj.gov
(313) 226-9587
(P-70693)

# EXHIBIT B

**Zarfl, Monica  (USAMIE)**

| | |
|---|---|
| **From:** | Jorin Rubin <jorinrubin@comcast.net> |
| **Sent:** | Thursday, July 30, 2015 3:49 PM |
| **To:** | Zarfl, Monica  (USAMIE) |
| **Cc:** | Aouate, Linda (USAMIE) |
| **Subject:** | RE: Farid Fata - Notice of Preliminary Order of Forfeiture |

I am working on getting hired I will answer by Tuesday.  Jorin

**From:** Zarfl, Monica (USAMIE) [mailto:Monica.Zarfl@usdoj.gov]
**Sent:** Thursday, July 30, 2015 2:27 PM
**To:** Jorinrubin@comcast.net
**Cc:** Aouate, Linda (USAMIE) <Linda.Aouate@usdoj.gov>
**Subject:** Farid Fata - Notice of Preliminary Order of Forfeiture

Ms. Rubin,

Attached, in regard to U.S. v Farid Fata, please find a Notice of Preliminary Order of Forfeiture and Certificate of Service.  Based on information provided by Defendant Fata's attorney, Mark Kriger, during a status conference this morning before Judge Borman, it is our understanding that you will be representing Nohad Malkoun Fata, and that you are authorized to accept service of these documents on her behalf.  If this is not correct, and you are not authorized to accept service on her behalf, please immediately notify our office.

Please feel free to contact myself or forfeiture AUSA Linda Aouate (313-226-9587) with any questions.

Thank you,

Monica Zarfl
Paralegal Specialist
Asset Forfeiture Unit
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9192
Fax: (313) 226-3800

# EXHIBIT C

**Zarfl, Monica (USAMIE)**

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Monday, August 17, 2015 5:57 PM |
| **To:** | Jorin Rubin |
| **Cc:** | Zarfl, Monica (USAMIE) |
| **Subject:** | RE: Farid Fata - Notice of Preliminary Order of Forfeiture |

Hi Jorin,
Are you hired?
Linda

**From:** Aouate, Linda (USAMIE)
**Sent:** Tuesday, August 04, 2015 10:54 PM
**To:** Jorin Rubin
**Cc:** Zarfl, Monica (USAMIE)
**Subject:** Re: Farid Fata - Notice of Preliminary Order of Forfeiture

Hi Jorin,
Are you hired?
Linda

Sent from my iPad

On Jul 30, 2015, at 3:53 PM, Jorin Rubin <jorinrubin@comcast.net> wrote:

> I am working on getting hired I will answer by Tuesday.  Jorin
>
> **From:** Zarfl, Monica (USAMIE) [mailto:Monica.Zarfl@usdoj.gov]
> **Sent:** Thursday, July 30, 2015 2:27 PM
> **To:** jorinrubin@comcast.net
> **Cc:** Aouate, Linda (USAMIE) <Linda.Aouate@usdoj.gov>
> **Subject:** Farid Fata - Notice of Preliminary Order of Forfeiture
>
> Ms. Rubin,
>
> Attached, in regard to U.S. v Farid Fata, please find a Notice of Preliminary Order of Forfeiture and Certificate of Service.  Based on information provided by Defendant Fata's attorney, Mark Kriger, during a status conference this morning before Judge Borman, it is our understanding that you will be representing Nohad Malkoun Fata, and that you are authorized to accept service of these documents on her behalf.  If this is not correct, and you are not authorized to accept service on her behalf, please immediately notify our office.
>
> Please feel free to contact myself or forfeiture AUSA Linda Aouate (313-226-9587) with any questions.
>
> Thank you,
>
> Monica Zarfl
> Paralegal Specialist
> Asset Forfeiture Unit

11

# EXHIBIT D

**Zarfl, Monica (USAMIE)**

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Tuesday, September 29, 2015 1:11 PM |
| **To:** | Jorin Rubin (jorinrubin@comcast.net) |
| **Cc:** | Zarfl, Monica (USAMIE) |
| **Subject:** | Nohad Fata |

Hi Jorin,

Per our telephone conversation last Friday, you indicated that you may be representing Dr. Fata's mother in connection with her possible interest in assets that are listed in the Preliminary Order of Forfeiture (POF), which is attached hereto. I would like to confirm with you that the assets for which Nohad may be retaining your services are the funds that were seized from the following two accounts:

- $553,513.52 in funds from Cor Clearing, bank account #86728520, in the name of Nohad Fata-Malkoum TTEE, Fata 2012 Grantor Charitable Lead Annuity Trust.

- $161,315.06 in funds from COR Clearing Account #50018894, held in the name of Nohad Fata and Farid Fata.

In addition, in order to further communicate with you about this matter, I will need to know whether or not you have actually been retained by Nohad Fata to represent her concerning this forfeiture matter.

I am sure you can understand that we need to start the clock ticking on service at some point – it cannot indefinitely be stayed –- and if you are not going to represent Nohad, I will find an alternative method of serving her with notice of the POF.



Thank you,

*Linda Aouate*
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Suite 2001*
*Detroit, MI 48226-3220*
*Phone: (313) 226-9587*
*Fax: (313) 226-3800*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CASE NO. 13-20600

v.

HONORABLE: PAUL D. BORMAN

FARID FATA, M.D.,

        Defendant.

_____/

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, and Linda Aouate, Assistant United States Attorney, and Defendant Farid Fata ("Defendant") with his attorneys, Christopher Andreoff, Esq. and Mark Kriger, Esq., hereby submit this Stipulated Preliminary Order of Forfeiture for immediate entry by the Court:

    1.    On January 15, 2014 a Fourth Superseding Indictment was filed against Defendant which charged him with Health Care Fraud (Counts 1-19), pursuant to 18 U.S.C. § 1347; Conspiracy to Pay and Receive Kickbacks (Count 20), pursuant to 18 U.S.C. § 371; Unlawful Procurement of Naturalization (Count 21), pursuant to 18 U.S.C. § 1425(a); and Money Laundering (Counts 22-23),

pursuant to 18 U.S.C. § 1956(a)(1)(A)(i).   Criminal Forfeiture allegations were also included in the Fourth Superseding Indictment. (*Dkt. #66*).

2.   On April 15, 2014, the government filed a Second Superseding Forfeiture Bill of Particulars, giving notice of the government's intention to forfeit specific assets upon conviction of any of the allegations contained within the Fourth Superseding Indictment. The government also provided notice of its intent to seek a forfeiture money judgment in the amount representing (a) the total amount of proceeds obtained as a result of Defendant's violations, and (b) the total amount involved in defendant's money laundering offenses, as alleged in the Fourth Superseding Indictment. (*Dkt. #86*).

3.   On December 3, 2014, the government filed a Supplement to Government's Second Superseding Forfeiture Bill of Particulars, giving notice of additional property subject to forfeiture (*Dkt. #117*).

4.   On September 16, 2014, Defendant pled guilty to Health Care Fraud (Counts 3-6 and 9-17) in violation of 18 U.S.C. § 1347, Conspiracy to Pay and Receive Kickbacks (Count 20) in violation of 18 U.S.C. § 371, and Money Laundering (Counts 22-23) in violation of 18 U.S.C. § 1956(a)(1)(A)(i), as charged in the Fourth Superseding Indictment.

5.   Defendant, by signing below, on behalf of himself and on behalf of his legal interests in all of the companies in which he has an interest, surrenders

15

any and all rights to $1,035,304.61 in funds from Cor Clearing, bank account

#57056663, in the name of Farid Fata TTEE Michigan Hematology Oncology (i.e.,

rights to funds in the Michigan Hematology Oncology, P.C. Cash Pension Plan),

and agrees that such rights and funds shall be used toward the payment of any

restitution order that is entered in this case.[1]

6.    Defendant, by signing below, on behalf of himself and all companies

in which he has an interest, agrees to assist the government in obtaining title to any

and all of the assets covered by this Stipulated Preliminary Order of Forfeiture and

agrees to sign any documents that the government deems necessary to accomplish

the forfeiture of such assets, or to accomplish the use of such assets toward the

payment of Defendant's restitution obligation in this criminal case, with the

decision as to the manner in which to proceed to be within the sole discretion of

the government.

7.    By signing below, Defendant, on behalf of himself and on behalf of

his interests in all companies in which he has an interest, (a) releases any and all

interests in or claims to assets that are being administered in the action for the

benefit of creditors, In RE Michigan Hematology-Oncology, PC, et al., Case No.

2013-137010, which is pending in State of Michigan In the Circuit Court for the

County of Oakland (the "ABC case") and agrees that those assets constitute

---

[1]Defendant agrees to his interest in the Plan being used toward restitution with the understanding
that it will not affect his wife's independent and separate membership interest in the Plan.

proceeds of his offenses, and (b) consents to those assets being included in an

Amended Preliminary Order of Forfeiture upon application of the government, at

some future date, and/or used toward the payment of restitution in this criminal

case, with the decision whether to have the assets forfeited or used directly toward

restitution to be within the sole discretion of the government.

8.     Defendant, by signing below, agrees, on behalf of himself and on

behalf of his interests in all companies in which he has an interest, to the forfeiture

to the United States of the property listed below as proceeds of the offenses to

which he pleaded guilty. Defendant agrees that there is a sufficient nexus between

Defendant's violations and the property listed below, and therefore, such property

is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982(a)(1) and

982(a)(7).

9.     NOW THEREFORE, based upon Defendant's guilty plea to Health

Care Fraud (Counts 3-6 and 9-17) in violation of 18 U.S.C. § 1347, Conspiracy to

Pay and Receive Kickbacks (Count 20) in violation of 18 U.S.C. § 371, and Money

Laundering (Counts 22-23) in violation of 18 U.S.C. § 1956(a)(1)(A)(i), as charged

in the Fourth Superseding Indictment, the factual basis that was provided at

Defendant's guilty plea hearing, the Second Superseding Forfeiture Bill of

Particulars, the Supplement to Government's Second Superseding Forfeiture Bill

of Particulars, Defendant's execution of this Stipulated Preliminary Order of

Forfeiture, and other information in the record, and pursuant to 18 U.S.C. § 982,

**IT IS HEREBY ORDERED** that the property listed below (hereafter referred to as the "Subject Property") **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, any right, title or interest of Defendant's companies to the extent of Defendant's interest in such companies, and any right, title or interest that Defendant's heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**:

<u>**CURRENCY:**</u>

a) $553,513.52 in funds from Cor Clearing, bank account #86728520, in the name of Nohad Fata-Malkoum TTEE, Fata 2012 Grantor Charitable Lead Annuity Trust;

b) $3,486,024.58 in funds from Cor Clearing, bank account #13724843, in the name of Fatogemar Enterprises LLC;

c) $221,547.34 in funds from Huntington National Bank, bank account #1382102984, in the name of United Diagnostics PLLC;

d) $31,918.87 in funds from Huntington National Bank, bank account #01382103019, in the name of Michigan Radiation Institute;

e) $46,254.01 in funds from Huntington National Bank, bank account #01382101202, in the name of Midwest Institute of Professionals;

f) $72,745.70 in funds from Huntington National Bank, bank account #01382047793, in the name of Swan For Life Foundation;

g) $243,044.02 in funds from Huntington National Bank, bank account #01382101192, in the name of Vital Pharmacare;

h) $159,031.55 in funds from JP Morgan Chase Bank, bank account #849373022, held in the name of Swan For Life Foundation;

i) $3,049,304.01 in funds from Huntington National Bank, bank account #01381944334, held in the name of Michigan Hematology-Oncology, P.C.;

j) $136,815.23 in funds from JP Morgan Chase Bank, bank account #695030288, held in the name of Michigan Hematology-Oncology, P.C.;

k) $687,144.10 in funds from Bank of America Account #375011156856, held in the name of Michigan Hematology Oncology;

l) $264,566.07 in funds from Huntington National Bank Account #1382043629, held in the name of Swan for Life Foundation;

m) $30,388.93 in funds from CIG Corp. Account #21899934, held in the name of Swan for Life Foundation;

n) $3,228.56 in funds from COR Clearing Account #20236269, held in the name of Fata Family Foundation;

o) $161,315.06 in funds from COR Clearing Account #50018894, held in the name of Nohad Fata and Farid Fata;

## VEHICLE PROCEEDS:

p) All proceeds resulting from the interlocutory sale of the 2011 Acura RDX Turbo SUV, VIN: 5J8TB1H22BA001796, which constitute the "substitute res" for the Acura;

## REAL PROPERTY PROCEEDS:

q) All net proceeds resulting from the sale of the Real Property located at 5800 Bow Pointe Drive, Clarkston, Michigan, and at 6143 Sashabaw Road, Clarkston, Michigan (approximately $1,442,232.04,), which now constitute the "substitute res" for this real property, as more fully described in the Second Superseding Forfeiture Bill of Particulars

*(Dkt. #86);*

## INSURANCE POLICIES:

r) John Hancock Life Insurance Company (U.S.A.) Account Number 46742037, and the cash value of this life insurance policy;

s) Hartford Life Insurance Company Account Number VL8109128, and the cash value of this life insurance policy;[2]

## OTHER ASSETS:

t) Any and all interest that Defendant Farid Fata and Fatogemar LLC have in Generation One, as documented in CIG Corp. Account No. 13724843;

u) Any and all interest that Defendant Farid Fata and Fatogemar LLC have in Madison Business Park, as documented in CIG Corp. Account No. 13724843;

v) Pershing, LLC, Account No. TR6002414 held in the name of Fatogemar Enterprises, LLC;

w) Account No. 1372-4843 held in the names of "Fatogemar Enterprises LLC" and "Farid Fata" with ATEL 12, LLC;

x) Columbia Property Trust, Inc., Account No. 1001319887 (Formerly Wells REIT II Account No. 521001319887), held in the name of Fatogemar Enterprises, LLC;

y) CIG Capital Partners LP, Account No. 1372-4843-PE, held in the name of CIG Capital Partners, LP;

z) CIG CAM LP, Account No. 1372-4843-CAM, held in the name of CIG CAM, LP;

aa) CIG Plenastrategy Fund LP, Account No. 1372-4843-Plena, held in

---

[2]Defendant agrees to the forfeiture of the Hartford life insurance policy with the understanding that it will not affect any claim or interest his wife may have in this policy.

the name of CIG Plenastrategy Fund, LP;

bb) ICON Leasing Fund Twelve, LLC Account No. 143347 held in the name of Fatogemar Enterprises, LLC;

cc) Inland American Real Estate Trust, Inc. Account No. 2812927008 held in the name of Fatogemar Enterprises, LLC; and

dd) All assets being administered in the action for the benefit of creditors, In RE Michigan Hematology-Oncology, PC, et al., Case No. 2013-137010, which is pending in State of Michigan In the Circuit Court for the County of Oakland (the "ABC case").

10.    IT IS FURTHER ORDERED THAT a money judgment in the amount of $17,601,233.00 is granted and entered against Defendant in favor of the United States of America, representing an amount of gross proceeds obtained as a result of Defendant's health care fraud violations as alleged in the Fourth Superseding Indictment. The money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant.

11.    IT IS FURTHER ORDERED THAT the United States is authorized, pursuant to Federal Rules of Criminal Procedure 32.2(b)(3) and 32.2(c)(1)(B), to conduct discovery to help identify, locate, or dispose of the Subject Property, to seize any assets identified above, which are not currently in the custody or control of the United States, and to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

12.    IT IS FURTHER ORDERED THAT, upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), and other

21

applicable statutes, the United States shall publish on www.forfeiture.gov, notice

of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the

Subject Property.  The United States may also, to the extent practicable, provide

direct written notice to any person or entity known to have an alleged interest in

any of the Subject Property.  The aforementioned notice shall direct that any

person, other than the Defendant, asserting a legal interest in any of the Subject

Property may file a petition with the Court within thirty (30) days of the final

publication of notice or of receipt of actual notice, whichever is earlier.  The

petition shall be for a hearing before the Court alone, without a jury and in

accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's

alleged interest in the Subject Property.  Any petition filed by a third party

asserting an interest in any of the Subject Property must be signed by the petitioner

under penalty of perjury and must set forth the nature and extent of the petitioner's

alleged right, title or interest in any identified Subject Property, the time and

circumstances of the petitioner's acquisition of the right, title, or interest in any

identified Subject Property, any additional facts supporting the petitioner's claim,

and the relief sought.

13.    IT IS FURTHER ORDERED THAT, after the disposition of any

motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a

hearing on any ancillary petition, the United States may conduct discovery in

accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

14.    IT IS FURTHER ORDERED THAT, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at the time of entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.  If: (1) no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), or (2) any petitions for ancillary hearing are disposed of or adjudicated in favor of the United States, then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

15.    IT IS FURTHER ORDERED THAT, after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture; the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

16.    IT IS FURTHER ORDERED THAT, the Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of

Case 2:17-mc-50522-PDB-APP    ECF No. 3-5   filed 04/24/17    PageID.50    Page 13 of 14

2:13-cr-20600-PDB-DRG    Doc # 154   Filed 07/09/15   Pg 11 of 12 .  Pg ID 2052 .

Criminal Procedure 32.2(e).

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

s/Linda Aouate
Linda Aouate
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9587
linda.aouate@usdoj.gov
Bar No. P-70693

Dated: July 9, 2015

S/Mark Kriger
Mark Kriger, Esq.
Attorney for Farid Fata
645 Griswold Street, Suite 1717
Detroit, MI 48226
(313) 967-0100
mkriger@sbcglobal.net
Bar No. P-30298

Dated: July 9, 2015

S/Christopher Andreoff
Christopher Andreoff, Esq.
Attorney for Farid Fata
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
(248) 351-3000
candreoff@jaffelaw.com
Bar No. P-10193

Dated: July 9, 2015

S/Farid Fata (see attached pg.)
Farid Fata, Defendant

Dated: July 9, 2015

*****************************************************************
**IT IS SO ORDERED.**

Dated: July 9, 2015

s/Paul D. Borman
HONORABLE PAUL D. BORMAN
United States District Court Judge

24

Criminal Procedure 32.2(e).

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

s/Linda Aouate
Linda Aouate
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9587
linda.aouate@usdoj.gov
Bar No. P-70693

Dated: July 9, 2015

Mark Kriger, Esq.
Attorney for Farid Fata
645 Griswold Street, Suite 1717
Detroit, MI 48226
(313) 967-0100
mkriger@sbcglobal.net
Bar No. P-30298

Dated: July 9, 2015

Christopher Andreoff, Esq.
Attorney for Farid Fata
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
(248) 351-3000
candreoff@jaffelaw.com
Bar No. P-10193

Dated: July 9, 2015

Farid Fata, Defendant

Dated: July 9, 2015

**************************************************************
IT IS SO ORDERED.

Dated:                          HONORABLE PAUL D. BORMAN
                                United States District Court Judge

25

# EXHIBIT E

## Zarfl, Monica (USAMIE)

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Thursday, October 08, 2015 11:29 AM |
| **To:** | Jorin Rubin (jorinrubin@comcast.net) |
| **Cc:** | Zarfl, Monica (USAMIE) |
| **Subject:** | FW: Nohad Fata |

Hi – do you know yet?

---

**From:** Aouate, Linda (USAMIE)
**Sent:** Tuesday, September 29, 2015 1:11 PM
**To:** Jorin Rubin (jorinrubin@comcast.net)
**Cc:** Zarfl, Monica (USAMIE)
**Subject:** Nohad Fata

Hi Jorin,

Per our telephone conversation last Friday, you indicated that you may be representing Dr. Fata's mother in connection with her possible interest in assets that are listed in the Preliminary Order of Forfeiture (POF), which is attached hereto. I would like to confirm with you that the assets for which Nohad may be retaining your services are the funds that were seized from the following two accounts:

- $553,513.52 in funds from Cor Clearing, bank account #86728520, in the name of Nohad Fata-Malkoum TTEE, Fata 2012 Grantor Charitable Lead Annuity Trust.

- $161,315.06 in funds from COR Clearing Account #50018894, held in the name of Nohad Fata and Farid Fata.

In addition, in order to further communicate with you about this matter, I will need to know whether or not you have actually been retained by Nohad Fata to represent her concerning this forfeiture matter.

I am sure you can understand that we need to start the clock ticking on service at some point – it cannot indefinitely be stayed -- and if you are not going to represent Nohad, I will find an alternative method of serving her with notice of the POF.



Thank you,

*Linda Aouate*
*Assistant United States Attorney*

27

# EXHIBIT F

**Zarfl, Monica  (USAMIE)**

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Sunday, November 15, 2015 9:04 PM |
| **To:** | Jorin Rubin (jorinrubin@comcast.net) |
| **Cc:** | Zarfl, Monica  (USAMIE) |
| **Subject:** | Nohad Fata – SSA release form |
| **Attachments:** | SPB7F0MF15102015190.pdf |

Hi Jorin,

In an effort to determine if any SSA benefits were paid into one of the accounts that is associated with Mrs. Fata, please have the attached form filled out and executed by Mrs. Fata to authorizes information to be provided to

AUSA Linda Aouate
United States Attorney's Office,
Eastern District of Michigan
211 W. Fort Street, Suite 2001,
Detroit, Michigan, 48226

Thank you,

*Linda Aouate*
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Suite 2001*
*Detroit, MI 48226-3220*
*Phone: (313) 226-9587*
*Fax: (313) 226-3800*

# EXHIBIT G

**Zarfl, Monica  (USAMIE)**

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Tuesday, November 24, 2015 2:31 PM |
| **To:** | Jorin |
| **Cc:** | Zarfl, Monica  (USAMIE) |
| **Subject:** | RE: Nohad Fata - SSA release form (follow up) |

Hi Jorin,

Does your email below mean that you are representing Nohad Fata and will accept service of the Notice of the forfeiture order on her behalf?  While I can grant an extension to you, on her behalf, to file a petition in the ancillary case so that we can discuss this matter, if I don't know that you are representing her, I can't grant such an extension and will be unable to share information with you about this matter.

**PLEASE** let me know, one way or another, whether you will represent Nohad Fata in connection with the forfeiture of assets in Dr. Fata's criminal case.

Thank you,

*Linda Aouate*
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Suite 2001*
*Detroit, MI 48226-3220*
*Phone: (313) 226-9587*
*Fax: (313) 226-3800*

**From:** Jorin [mailto:jorinrubin@comcast.net]
**Sent:** Monday, November 16, 2015 9:46 AM
**To:** Aouate, Linda (USAMIE)
**Cc:** Zarfl, Monica (USAMIE)
**Subject:** Re: Nohad Fata - SSA release form

Thanks Linda I will work on this

On Nov 15, 2015, at 9:04 PM, Aouate, Linda (USAMIE) <Linda.Aouate@usdoj.gov> wrote:

> Hi Jorin,
> In an effort to determine if any SSA benefits were paid into one of the accounts that is associated with Mrs. Fata, please have the attached form filled out and executed by Mrs. Fata to authorizes information to be provided to
>> AUSA Linda Aouate
>> United States Attorney's Office,
>> Eastern District of Michigan
>> 211 W. Fort Street, Suite 2001,
>> Detroit, Michigan, 48226
>
> Thank you,

31

# EXHIBIT H

**Aouate, Linda (USAMIE)**

| | |
|---|---|
| **From:** | Jorin Rubin <jorinrubin@comcast.net> |
| **Sent:** | Monday, December 21, 2015 2:37 PM |
| **To:** | Aouate, Linda (USAMIE) |
| **Subject:** | Mrs. Fata |

Linda,

This will confirm that I will accept service of the Preliminary Order for Mrs. Fata and request 60 days to file the petition or by February 22.

I will get the social security form back to you as soon as my client completes it.  Thanks, Jorin

Law Office of Jorin G. Rubin, P.C.
550 W. Merrill Street, Suite 100
Birmingham, MI.  48009
248.799.9100
www.JorinRubin.com

This email and its attachments contain information that is or may be confidential and/or legally privileged.  The information is intended only for use by the individuals and/or entities to which it is addressed.  If you are not the intended recipient of this e-mail, your receipt and any disclosure or use is prohibited.  You are instructed to immediately delete this email and remove its contents and/or attachments from your system.

33

# EXHIBIT I

## Aouate, Linda (USAMIE)

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Monday, December 21, 2015 8:20 PM |
| **To:** | Jorin Rubin |
| **Cc:** | Zarfl, Monica  (USAMIE) |
| **Subject:** | RE: Mrs. Fata (Dr. Fata's Mother) |

Hi Jorin,

Thank you for your email.  Yes, the extension you requested below is acceptable.  Hopefully, we can resolve this matter without the necessity of litigation.

Happy Holidays,

Linda

**From:** Jorin Rubin [mailto:jorinrubin@comcast.net]
**Sent:** Monday, December 21, 2015 2:37 PM
**To:** Aouate, Linda (USAMIE)
**Subject:** Mrs. Fata

Linda,

This will confirm that I will accept service of the Preliminary Order for Mrs. Fata and request 60 days to file the petition or by February 22.

I will get the social security form back to you as soon as my client completes it.  Thanks, Jorin

Law Office of Jorin G. Rubin, P.C.
550 W. Merrill Street, Suite 100
Birmingham, MI.  48009
248.799.9100
www.JorinRubin.com

This email and its attachments contain information that is or may be confidential and/or legally privileged.  The information is intended only for use by the individuals and/or entities to which it is addressed.  If you are not the intended recipient of this e-mail, your receipt and any disclosure or use is prohibited.  You are instructed to immediately delete this email and remove its contents and/or attachments from your system.

35

# EXHIBIT J

**Aouate, Linda (USAMIE)**

| | |
|---|---|
| **From:** | Jorin Rubin <jorinrubin@comcast.net> |
| **Sent:** | Thursday, January 14, 2016 10:24 AM |
| **To:** | Aouate, Linda (USAMIE) |
| **Subject:** | Fata forfeiture |
| **Attachments:** | NohadSSInfoRelease.jpg |

Linda,
Attached please find the form signed by Mrs. Fata related to her social security payments. Let me know what else you
want me to do.
Thanks, Jorin

Law Office of Jorin G. Rubin, P.C.
550 W. Merrill Street, Suite 100
Birmingham, MI. 48009
248.799.9100
www.JorinRubin.com

This email and its attachments contain information that is or may be confidential and/or legally privileged.  The information
is intended only for use by the individuals and/or entities to which it is addressed.  If you are not the intended recipient of
this e-mail, your receipt and any disclosure or use is prohibited.  You are instructed to immediately delete this email and
remove its contents and/or attachments from your system.

37

# EXHIBIT K

## Zarfl, Monica  (USAMIE)

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Friday, February 12, 2016 12:01 PM |
| **To:** | Jorin Rubin |
| **Cc:** | Zarfl, Monica  (USAMIE) |
| **Subject:** | Nohad Fata – further extension on filing deadline re 2 accounts |

Hi Jorin,

Per our discussion, I am extending Nohad Fata's petition filing deadline in connection with the 2 accounts listed below for an additional week (7 days), to and including February 29, 2016, so that you and Mrs. Fata have an opportunity to review the documentation that I will send you in a separate email, which the government received from SSA.  Contrary to your client's representation, it is my understanding that SSA did not direct deposit any of Mrs. Fata's SSA benefits into these accounts:

     a)   $553,513.52 in funds from Cor Clearing, bank account #86728520, in
             the name of Nohad Fata-Malkoum TTEE, Fata 2012 Grantor Charitable Lead Annuity Trust; and

     b)   $161,315.06 in funds from COR Clearing Account #50018894, held in the name of Nohad Fata and Farid Fata;

It is also my understanding that Nohad Fata has not, and does not, claim any interest in any of the other forfeited assets and the Preliminary Order of Forfeiture as to all other forfeited assets has become the Final Order of Forfeiture without further order of, or action by, the Court.

Thank you,

*Linda Aouate*
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Suite 2001*
*Detroit, MI 48226-3220*
*Phone: (313) 226-9587*
*Fax: (313) 226-3800*

---

**From:** Jorin Rubin [mailto:jorinrubin@comcast.net]
**Sent:** Monday, December 21, 2015 2:37 PM
**To:** Aouate, Linda (USAMIE)
**Subject:** Mrs. Fata

Linda,
This will confirm that I will accept service of the Preliminary Order for Mrs. Fata and request 60 days to file the petition or by February 22.
I will get the social security form back to you as soon as my client completes it.  Thanks, Jorin

Law Office of Jorin G. Rubin, P.C.
550 W. Merrill Street, Suite 100
Birmingham, MI.  48009
248.799.9100
www.JorinRubin.com

This email and its attachments contain information that is or may be confidential and/or legally privileged.  The information is intended only for use by the individuals and/or entities to which it is addressed.  If you are not the intended recipient of this e-mail, your receipt and any disclosure or use is prohibited.  You are instructed to immediately delete this email and remove its contents and/or attachments from your system.

**Zarfl, Monica  (USAMIE)**

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Friday, February 12, 2016 12:55 PM |
| **To:** | Jorin Rubin (jorinrubin@comcast.net) |
| **Cc:** | Zarfl, Monica  (USAMIE) |
| **Subject:** | Nohad Fata - SSA Information & Account Statements |
| **Attachments:** | Account Information Sheet.pdf; Statements.pdf; 86728520 Statements.pdf; Account Information Sheet.pdf; Nohad Fata SSI and Medicare_2016_01_28_08_51_55_878.pdf |

Hi Jorin,
Attached is (1) information received from SSA relative to Nohad Fata, and (2) account statements and information regarding the 2 accounts at issue.

SSA reported that between 09/2010 and 05/2014, Nohad Malkoun, aka Nohad Fata received a total of $23,005.98 in payments from SSI and/or Medicare.  Payments were in the form of checks rather than direct deposit.

The FBI reviewed the two accounts in question, **COR Clearing #86728520** (opened 12/27/2012) and **COR Clearing #50018894** (opened 8/24/2009), for any deposits consistent with those listed in the SSA attachment and did not find any deposits consistent with the amounts of the checks or a combination of multiple SSI checks if Nohad held on to several before making a deposit.

You will see from the attached that **COR Clearing #86728520** was opened and funded on 12/27/2012 with $500,000 from a Michigan Hematology account.  However, Mrs. Fata only received $4,970 in benefits <u>after</u> the date that this account was opened (i.e., $710 from 1/2013 - 7/2013), and those funds did not get deposited into this account.

Based upon the SSA information obtained and the account statements, it does not appear that Nohad Fata has any legitimate claim to any funds seized from these two accounts.

Please let me know how you plan to proceed after you and your client review this information.

*Linda Aouate*
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Suite 2001*
*Detroit, MI 48226-3220*
*Phone: (313) 226-9587*
*Fax: (313) 226-3800*

# EXHIBIT L

**Zarfl, Monica  (USAMIE)**

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Monday, February 22, 2016 11:09 PM |
| **To:** | Jorin Rubin (jorinrubin@comcast.net) |
| **Cc:** | Zarfl, Monica  (USAMIE) |
| **Subject:** | RE: Nohad Fata - SSA Information & Account Statements |
| **Attachments:** | 50018894 Statements 2009-2011.pdf; Check Received (2).pdf; Check Received.pdf |

Hi Jorin,
I believe you were going to let me know today how Nohad Fata plans to proceed.  In any event, attached is additional information that I recently received in connection with **COR Clearing #50018894** for the period from the time the account was opened (8/24/2009) to January 2012.  This additional documentation completes the history for this account.  The additional information shows how the account was initially funded and all other deposits.  As you will see, (1) **COR Clearing #50018894** was initially funded with a $500,000 check from Dr. Fata's MHO bank account, (2) $485,000 was withdrawn from in June 2010, and then (3) a check in the amount of $416,833.33 from Fata's MHO bank account was deposited into **COR Clearing #50018894** in October 2010.  Accordingly, all funds contained in account **COR Clearing #50018894** came from Dr. Fata's tainted account.

Based upon all of the records that I have provided to you, Nohad Fata simply has no legally cognizable ownership interest in any of the funds that were seized from **COR Clearing #50018894** or from **COR Clearing #86728520.**

Nohad Fata's deadline to file a petition to initiate an ancillary case is February 29, 2016.  Given that I have provided indisputable proof that Mrs. Fata has no legally cognizable interest in the funds seized from these 2 accounts, and Mrs. Fata has provided no evidence that she has any possible legal interest in these funds, I do not believe further extensions would serve any purpose.  Since Mrs. Fata has no possible ownership interest in the funds seized from the 2 accounts, please let me know as soon as possible if I can consider this matter concluded as to Mrs. Fata.

Thank you,

*Linda Aouate*
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Suite 2001*
*Detroit, MI 48226-3220*
*Phone: (313) 226-9587*
*Fax: (313) 226-3800*

---

**From:** Aouate, Linda (USAMIE)
**Sent:** Friday, February 12, 2016 12:54 PM
**To:** Jorin Rubin (jorinrubin@comcast.net)
**Cc:** Zarfl, Monica (USAMIE) (mzarfl@usa.doj.gov)
**Subject:** Nohad Fata - SSA Information & Account Statements

Hi Jorin,
Attached is (1) information received from SSA relative to Nohad Fata, and (2) account statements and information regarding the 2 accounts at issue.

42

SSA reported that between 09/2010 and 05/2014, Nohad Malkoun, aka Nohad Fata received a total of $23,005.98 in payments from SSI and/or Medicare. Payments were in the form of checks rather than direct deposit.

The FBI reviewed the two accounts in question, **COR Clearing #86728520** (opened 12/27/2012) and **COR Clearing #50018894** (opened 8/24/2009), for any deposits consistent with those listed in the SSA attachment and did not find any deposits consistent with the amounts of the checks or a combination of multiple SSI checks if Nohad held on to several before making a deposit.

You will see from the attached that **COR Clearing #86728520** was opened and funded on 12/27/2012 with $500,000 from a Michigan Hematology account. However, Mrs. Fata only received $4,970 in benefits <u>after</u> the date that this account was opened (i.e., $710 from 1/2013 - 7/2013), and those funds did not get deposited into this account.

Based upon the SSA information obtained and the account statements, it does not appear that Nohad Fata has any legitimate claim to any funds seized from these two accounts.

Please let me know how you plan to proceed after you and your client review this information.

*Linda Aouate*
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Suite 2001*
*Detroit, MI 48226-3220*
*Phone: (313) 226-9587*
*Fax: (313) 226-3800*

# EXHIBIT M

## Zarfl, Monica (USAMIE)

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Wednesday, March 02, 2016 4:21 PM |
| **To:** | Jorin Rubin (jorinrubin@comcast.net) |
| **Cc:** | Zarfl, Monica (USAMIE) |
| **Subject:** | RE: Nohad Fata - Time to File Petition Expired Yesterday |
| **Attachments:** | Filed Stipulated POF_Fata.pdf |

Hi Jorin,

Pursuant to my email below, and given that Nohad Fata did not file a petition on Monday 2/29/16, which was the deadline for her to file a third party petition, this matter is concluded. Accordingly, the forfeiture order (attached hereto) is now the final order of forfeiture as to all third parties, including Nohad Fata, pursuant to the terms contained in the order.

Thank you,

*Linda Aouate*
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Suite 2001*
*Detroit, MI 48226-3220*
*Phone: (313) 226-9587*
*Fax: (313) 226-3800*

---

**From:** Aouate, Linda (USAMIE)
**Sent:** Monday, February 22, 2016 11:08 PM
**To:** Jorin Rubin (jorinrubin@comcast.net)
**Cc:** 'Zarfl, Monica (USAMIE) (mzarfl@usa.doj.gov)'
**Subject:** RE: Nohad Fata - SSA Information & Account Statements

Hi Jorin,
I believe you were going to let me know today how Nohad Fata plans to proceed. In any event, attached is additional information that I recently received in connection with **COR Clearing #50018894** for the period from the time the account was opened (8/24/2009) to January 2012. This additional documentation completes the history for this account. The additional information shows how the account was initially funded and all other deposits. As you will see, (1) **COR Clearing #50018894** was initially funded with a $500,000 check from Dr. Fata's MHO bank account, (2) $485,000 was withdrawn from in June 2010, and then (3) a check in the amount of $416,833.33 from Fata's MHO bank account was deposited into **COR Clearing #50018894** in October 2010. Accordingly, all funds contained in account **COR Clearing #50018894** came from Dr. Fata's tainted account.

Based upon all of the records that I have provided to you, Nohad Fata simply has no legally cognizable ownership interest in any of the funds that were seized from **COR Clearing #50018894** or from **COR Clearing #86728520**.

**Nohad Fata's deadline to file a petition to initiate an ancillary case is February 29, 2016.** Given that I have provided indisputable proof that Mrs. Fata has no legally cognizable interest in the funds seized from these 2 accounts, and Mrs. Fata has provided no evidence that she has any possible legal interest in these funds, I do not believe further extensions

45

would serve any purpose. Since Mrs. Fata has no possible ownership interest in the funds seized from the 2 accounts, please let me know as soon as possible if I can consider this matter concluded as to Mrs. Fata.

Thank you,

*Linda Aouate*
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Suite 2001*
*Detroit, MI 48226-3220*
*Phone: (313) 226-9587*
*Fax: (313) 226-3800*

---

**From:** Aouate, Linda (USAMIE)
**Sent:** Friday, February 12, 2016 12:54 PM
**To:** Jorin Rubin (jorinrubin@comcast.net)
**Cc:** Zarfl, Monica (USAMIE) (mzarfl@usa.doj.gov)
**Subject:** Nohad Fata - SSA Information & Account Statements

Hi Jorin,
Attached is (1) information received from SSA relative to Nohad Fata, and (2) account statements and information regarding the 2 accounts at issue.

SSA reported that between 09/2010 and 05/2014, Nohad Malkoun, aka Nohad Fata received a total of $23,005.98 in payments from SSI and/or Medicare. Payments were in the form of checks rather than direct deposit.

The FBI reviewed the two accounts in question, **COR Clearing #86728520** (opened 12/27/2012) and **COR Clearing #50018894** (opened 8/24/2009), for any deposits consistent with those listed in the SSA attachment and did not find any deposits consistent with the amounts of the checks or a combination of multiple SSI checks if Nohad held on to several before making a deposit.

You will see from the attached that **COR Clearing #86728520** was opened and funded on 12/27/2012 with $500,000 from a Michigan Hematology account. However, Mrs. Fata only received $4,970 in benefits after the date that this account was opened (i.e., $710 from 1/2013 - 7/2013), and those funds did not get deposited into this account.

Based upon the SSA information obtained and the account statements, it does not appear that Nohad Fata has any legitimate claim to any funds seized from these two accounts.

Please let me know how you plan to proceed after you and your client review this information.

*Linda Aouate*
*Assistant United States Attorney*
*Eastern District of Michigan*
*211 W. Fort Street, Suite 2001*
*Detroit, MI 48226-3220*
*Phone: (313) 226-9587*
*Fax: (313) 226-3800*

# EXHIBIT N

## Zarfl, Monica (USAMIE)

| | |
|---|---|
| **From:** | Aouate, Linda (USAMIE) |
| **Sent:** | Tuesday, January 17, 2017 1:32 PM |
| **To:** | mkriger@sbcglobal.net |
| **Cc:** | Cohen, Sarah (USAMIE); Dick, Catherine (CRM); Hotz, Jackie (USAMIE); Hotz, Jackie (USAMIE); Zarfl, Monica (USAMIE) |
| **Subject:** | Nohad Fata |
| **Attachments:** | Nohad Fata Letter_1.pdf |

Hi Mark,
You indicated on the phone this morning that Dr. Fata is upset about his mother (Nohad Fata) not being able to file a claim to forfeited assets. However, Nohad Fata was represented by able forfeiture counsel, Jorin Rubin. My communications with Ms. Rubin regarding Ms. Fata's potential claim began in **July 2015**. I granted Nohad Fata numerous extensions of time in which to file a petition. After discussing this matter with Ms. Rubin over the course of several months, doing research and informal discovery, Ms. Rubin and Ms. Fata **decided** not to file a claim. Specifically, I spoke with Jorin Rubin, on **March 4, 2016**, and she confirmed that Ms. Fata cannot, and will not, file a petition to contest the forfeiture in Dr. Fata's criminal case.

I mentioned in our telephone conversation that I had received a copy of a letter from Nohad Fata from the court's case manager. The letter and attachments (attached) from Ms. Fata relate to funds that FBI seized from 2 accounts:

    a)  $553,513.52 in funds from Cor Clearing, bank account #86728520, in the name of Nohad Fata-Malkoum TTEE, Fata 2012 Grantor Charitable Lead Annuity Trust; and

    b)  $161,315.06 in funds from COR Clearing Account #50018894, held in the name of Nohad Fata and Farid Fata.

As indicated above, I gave Ms. Fata numerous and lengthy extensions of time to file a petition with the Court to contest the forfeiture if she wished to do so. Ultimately, Ms. Fata decided not to file a petition to contest the forfeiture and the time expired to file such a petition. Accordingly, the forfeiture order, in its current form, is final as to Nohad Fata.

*Linda Aouate*
*Assistant U.S. Attorney*
*Chief, Forfeiture and Financial Litigation Unit*
*211 Fort Street, Suite 2001*
*Detroit, Michigan 48226*
*(313) 226-9587*
*(313) 226-3800 (fax)*

48